PEARSON, TILLMAN, Judge.
Julia Crawford True established a trust in her will in order, among other things, “To pay out of the net income of said trust estate to my beloved daughter, MRS. PEGGY HAM STUART, of Miami, Dade County, Florida, until her death, whatever amount my Trustee in his discretion deems necessary for the support and maintenance of my said daughter * * For many years, the trustee paid to this beneficiary the sum of $125 per month and provided to her a residence on property owned by the estate.
The beneficiary, being dissatisfied with the amount paid to her and maintaining that the amount was not sufficient for her support and maintenance, filed an objection to the sixth annual accounting filed by the trustee. The trustee thereupon filed a petition in the circuit court requesting a con *572 struction of the will and a determination by the court that he had not abused the discretion given to him by the will. The circuit judge, after approving the trustee’s construction of the will, found as follows:
“2. That, under the terms of sub-paragraph (c) of Paragraph Second of the Last Will and Testament of said decedent, and Paragraph Sixth of the Second Codicil to said Last Will and Testament, the decedent, Julia Crawford True, did vest in the said R. D. Maxwell, Jr., as Trustee, broad discretionary powers, and the Court finds that such was the intent of the Testator, as to the sums or amounts of money which said Trustee should pay over and deliver to the Respondent-beneficiary, Peggy Ham Marti, the daughter of said decedent, for the care, support and maintenance of said beneficiary, and that in addition thereto the decedent did likewise vest in said Trustee broad, absolute and discretionary powers to encroach upon the principal or corpus of said trust estate for the care, maintenance and support of the said Peggy Plam Marti, and that the payment of all sums of money by said Trustee to, or for, or on behalf of the said Peggy Ham Marti, by said Trustee from the net income of said trust estate were properly and lawfully made, advanced and disbursed by said Trustee, in accordance with, and pursuant to, the terms and provisions of the Last Will and Testament of said decedent, and all Codicils thereto, and in accordance with the laws of the State of Florida, and that said Trustee has not misconstrued, or abused, the broad discretion vested in said Trustee by the decedent-testator in the disbursement and payment of all sums of money to, or on behalf, of the beneficiary, Peggy Ham Marti.”
This appeal is by the beneficiary who was a respondent to the trustee’s petition. She urges that the circuit judge erred when he determined that the trustee had not abused this discretion.
In order to determine this appeal, a short statement of facts is necessary. These facts are not disputed and only their legal effect is argued. There were originally other purposes to be accomplished by the trust as set out in the will of Julia Crawford! True. One of these purposes has been defeated by the death of the recipient of the benefits. Another beneficiary is still receiving payments, and the support of the testatrix’ daughter is the only other purpose of the trust. The record indicates that this-daughter is now married and makes her living by driving a taxi. The estate of her mother is worth approximately $160,000, of which almost $140,000 is in negotiable-securities. The income of the estate was more than $6,500 during the last year upon1 which statement is available. Of this sum, the trustee pays appellant only $1,500 a year to accomplish the purpose of the trust. The remainder of the income has-been used to> pay expenses, to pay the other beneficiary ($1,200 a year), and to establish a reserve. The trust expressly provides that the trustee shall have the right at his discretion to invade the corpus of the trust in order to accomplish the purposes of the trust. The re-maindermen under the trust are collateral! relatives.
We hold under these circumstances that the circuit judge incorrectly determined that the action of the trustee was within the discretion granted him by the will in that is it apparent that the purpose of the trust is being defeated in favor of conservation-of the trust assets. See 6 Bogert, Trusts and Trustees § 560 (2d ed. 1960); Restatement (Second), Trusts § 187, comment e (1959). It is the duty of the court to direct the trustee to pay to the beneficiary a surm which will be in accordance with the expressed purpose of the trust.
We therefore, reverse the decree entered' as to the paragraph quoted, and remand this cause for the taking of testimony upon the needs of the appellant-beneficiary and the-determination of a proper amount to be paid' to her. The provision for her should be-retroactive to the date of the filing of the *573 trustee’s petition. The amount designated for payment to the beneficiary shall be an amount reasonably necessary for the support and maintenance of the beneficiary.
Reversed and remanded with directions.